IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JORGE BENJAMIN LOPEZ MOLINA,<br>A# 246 802 965,<br><br>*Petitioner*,<br><br>VS.<br><br>MIGUEL VERGARA Field Office Director, San Antonio District Office, Office of Detention and Removal, U.S. Immigration and Customs Enforcement U.S. Department of Homeland Security, in His Official Capacity and his successors and assigns; ROSE THOMPSON, Warden, Karnes County Immigration Processing Center, in Her Official Capacity and her successors and assigns; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in His Official Capacity and his successors and assigns; and TODD BLANCHE, Attorney General, U.S. Department of Justice, in His Official Capacity and his successors and assigns,<br><br>*Respondents*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL CASE NO. SA-26-CV-6847-FB |

**ORDER FOR SERVICE AND FURTHER ORDERS OF THE COURT**

Before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and the Emergency Motion for Temporary Restraining Order, and Preliminary Injunction (ECF No. 2) filed by Petitioner Jorge Benjamin Lopez Molina.

IT IS HEREBY ORDERED that notice of electronic filing of the Petition (ECF No. 1) and this Order to the United States Attorney in San Antonio, Texas, shall constitute service on the Federal Respondents, as required by the Rules Governing § 2254 Cases[1] and Federal Rule of Civil Procedure 5, and on all Respondents unless otherwise contested.[2]

---

[1] The Rules Governing § 2254 Cases may be applied to § 2241 cases. *See Olya v. Garite*, No. EP-25-CV-83-DCG, 2025 WL 3254931, at *3 (W.D. Tex. Oct. 14, 2025) ("The Rules Governing § 2254 Cases ('Habeas Rules'), which a court may apply to § 2241 cases, authorize courts to apply the Federal Rules of Civil Procedure ('FRCP') to the extent they do not conflict with the Habeas Rules.").

[2] Rule 5(b)(2)(E) permits service by "sending [a paper] to a registered user by filing it with the court's electronic-filing system." The United States Attorney in San Antonio is a registered user of the Court's electronic filing system. While the Western District of Texas Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases, Section 5, typically bars notice of electronic filing from constituting service of writs, given the high volume of habeas cases challenging immigration detention, the Court will permit such notice of electronic filing to

IT IS FURTHER ORDERED that Respondents shall file a response to the Petition and Motion for Temporary Restraining Order **no later than 5 p.m. on Monday, November 23, 2026**. The Response **MUST** identify:

(1) Petitioner's alleged country of birth;[3]

(2) Petitioner's alleged date of entry into the United States and statutory basis for removability;

(3) Petitioner's previous immigration detention history, if any, including whether Petitioner was previously apprehended and released by immigration authorities;[4] and

(4) Petitioner's alleged immigration status.[5]

IT IS FURTHER ORDERED that, if Petitioner elects to file a reply, Petitioner may do so **no later 5 p.m. on November 24, 2026**.

It is so ORDERED.

SIGNED this 19th day of November, 2026.

FRED BIERY
UNITED STATES DISTRICT JUDGE

suffice as proper service in this case.

[3] This information is required to ensure that Petitioner can be located in the Online Detainee Locator System.

[4] *E.g.*, whether Petitioner has previously been subject to immigration detention and, if so, the approximate date of Petitioner's previous release into the interior.

[5] *E.g.*, whether Petitioner has a pending claim for asylum, withholding of removal, or protection under the Convention Against Torture, or is subject to a final removal order.