**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JORGE BENJAMIN LOPEZ MOLINA,<br>A# 246 802 965,<br><br>*Petitioner*,<br><br>VS.<br><br>MIGUEL VERGARA Field Office Director, San Antonio District Office, Office of Detention and Removal, U.S. Immigration and Customs Enforcement U.S. Department of Homeland Security, in His Official Capacity and his successors and assigns; ROSE THOMPSON, Warden, Karnes County Immigration Processing Center, in Her Official Capacity and her successors and assigns; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in His Official Capacity and his successors and assigns; and TODD BLANCHE, Attorney General, U.S. Department of Justice, in His Official Capacity and his successors and assigns,<br><br>*Respondents*. | § | CIVIL CASE NO. SA-26-CV-6847-FB |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Jorge Benjamin Lopez Molina's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1), Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 2); Federal Respondents Response to Petition and Motion for Temporary Restraining Order (ECF No. 4), and Petitioner's Reply (ECF No. 5). Upon review, the Court finds that the Petition must be and hereby is **DENIED** for the reasons below.

Petitioner, a citizen of Guatemala, entered the United States on or about November 7, 2021, through the Arizona border, after having been previously expelled from the United States pursuant to Title 42 on November 1, 2021. On or about October 9, 2026, Petitioner was driving to work at around 6:45 a.m. when he was arrested and placed into ICE custody.

In his Petition, Petitioner challenges his detention as violating the Due Process Clause of the Fifth Amendment in two counts: Count One - Substantive Due Process and Count Two - Procedural Due Process. (ECF No. 1 at pages 6-8).

The full Fifth Circuit in *Sosnava-Rodriguez v. Vergara* has now foreclosed Petitioner's constitutional bases for relief (*see* ECF No. 1 at pages 6-8), holding that such mandatory detentions do not violate an applicant for admission's Fifth Amendment right to due process. *See* --- F.4th ---, 2026 WL 3181188, at *5 (5th Cir. Oct. 23, 2026) (*en banc*) ("Because Petitioners have never been admitted to the United States, due process does not entitle them to additional proceedings beyond what Congress has provided before they may be detained pending removal."); *see also id.* at *7 ("[P]rocedural due process does not require bond hearings . . . in the context of § 1225(b)(2)(A)."); *id.* at *11 ("[A]ny right to seek release pending removal proceedings is not 'objectively, deeply rooted in this Nation's history and tradition' and [therefore] cannot be a substantive due process right.") (quoting *Washington v. Glucksberg*, 521 U.S. 702, at 720–21 (1997)); *id.* at *12–13 (holding that duration of an applicant for admission's pre-removal detention raises no constitutional concerns).[1] In fact, claims almost identical to those raised by the Petitioner in the instant case have been considered previously and rejected. *Sarti v. Thompson, et al.*, SA-26-CV-6625-OLG at ECF No. 7, filed on November 19, 2026.

[1] The Court notes that the Fifth Circuit pretermitted the possibility that it may later entertain a due process claim from applicants for admission who have been detained for exceedingly long periods and can demonstrate that their "removal proceedings were used as a façade 'to incarcerate [them] for other reasons.'" *Sosnava-Rodriguez*, --- F.4th at ---, 2026 WL 3181188, at *13 (quoting *Demore v. Kim*, 538 U.S. 510, 533 (2003) and favorably citing *Banyee v. Garland*, 115 F4th 928, 934 (8th Cir. 2024)). The court did not endorse this argument: it merely "d[id] not dismiss the idea." *Id.*

Accordingly, Petitioner's request for habeas relief (ECF No. 1) must be denied. Therefore, IT IS HEREBY ORDERED that Petitioner Jorge Benjamin Lopez Molina's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED WITHOUT PREJUDICE**.

IT IS FURTHER ORDERED that motions pending, including Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 2), are DENIED AS MOOT, and this case is now CLOSED.

It is so ORDERED.

SIGNED this 24th day of November, 2026.

FRED BIERY
UNITED STATES DISTRICT JUDGE